IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FRANCES McNAMEE**                                                        **PLAINTIFF**

**v.**                                    **CAUSE NO. 3:17-CV-496-DCB-LRA**

**ALFA MUTUAL GENERAL INSURANCE COMPANY,**              **DEFENDANTS**
**LARRY HOOD, and JOHN DOES A-E**

<u>ORDER AND OPINION</u>

This cause is before the Court on a Motion to Remand **[Doc. 6]** filed by Plaintiff Frances McNamee, a Motion to Dismiss **[Doc. 13]** filed by Defendant Larry Hood, and a Motion for Extension of Time to Serve Process **[Doc. 16]** filed by McNamee. Having considered the motions, the parties' responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

                                 **I.    BACKGROUND**

Frances McNamee sued her car insurer, Alfa Insurance Corporation ("Alfa"), and a local insurance agent, Larry Hood, in state court. McNamee and Hood are Mississippi citizens; Alfa is an Alabama corporation.

Alfa removed the case to this Court, invoking diversity jurisdiction and contending that Hood, the non-diverse forum-defendant, was improperly joined.

The Court agreed that Hood was improperly joined, but held that the amount in controversy was ambiguous as of the date Alfa removed the case. [Doc. 18] In response, McNamee offers an affidavit limiting her recovery to below the jurisdictional minimum of $75,000, exclusive of interest and costs. [Doc. 20-1]

## II. DISCUSSION

The Court may consider McNamee's post-removal affidavit because the amount in controversy was ambiguous as of the date Alfa removed the case. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). And given this ambiguity, McNamee's affidavit clarifies — rather than impermissibly modifies — the jurisdictional facts as of the date of removal. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1254 n. 18 (5th Cir. 1998).

Remand is warranted when a plaintiff submits a binding post-removal affidavit clarifying that the amount in controversy was not met as of the date of removal. Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A., 988 F.2d 559, 566 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. v. Ruhrgas, 145 F.3d 211 (5th Cir. 1998).

McNamee has submitted an affidavit; the question is whether it is binding. A post-removal affidavit is binding if, in it, the

plaintiff renounces her ability to recover more than the jurisdictional minimum in state court. See, e.g., Bienemy v. Hertz Corp., 16-15413, 2016 WL 6994200, at *3 (E.D. La. 2016); McGlynn v. Huston, 693 F. Supp. 2d 585, 593 (M.D. La. 2010); (stipulation must state that plaintiff will not accept more than the jurisdictional minimum if awarded that amount in state court); Printworks, Inc. v. Dorn Co., 869 F. Supp. 436, 440 (E.D. La. 1994) (same).

In her affidavit, McNamee swears that she neither seeks nor will accept a sum exceeding the jurisdictional minimum. [Doc. 20-1]. This statement is binding. And in fact, it operates as a judicial admission precluding McNamee from seeking or recovering damages greater than the jurisdictional minimum in state court. Arnold v. State Farm Fire and Cas. Co., 277 F.3d 772, 775 n. 3 (5th Cir. 2001).

McNamee's affidavit is binding and clarifies that the amount in controversy was not met when Alfa removed this case. The Court lacks jurisdiction, and remand is required. See Drinkard v. Murphy Oil USA, Inc., 3:04-CV-303-CWR, 2014 WL 10475642, at *2 (S.D. Miss. 2014); (ordering remand after considering post-removal affidavit); Lewis v. Charley Carriers, Inc., 5:09-CV-170-DCB, 2010 WL 1409997, *3 (S.D. Miss. 2010) (same); F.M.B. v. Mega Life & Health Ins.

Co., 3:08-CV-530-DPJ, 2009 WL 426435, at *2 (S.D. Miss. 2009) (same).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand **[Doc. 6]** filed by Plaintiff Frances McNamee is **GRANTED**;

**FURTHER ORDERED** that the Motion to Dismiss **[Doc. 13]** filed by Defendant Larry Hood is **DENIED AS MOOT.**

**FURTHER ORDERED** that the Motion for Extension of Time to Serve Process **[Doc. 16]** filed by Plaintiff Frances McNamee is **DENIED AS MOOT.**

A separate Order of Remand transferring this case to the First Judicial District of the Hinds County Circuit Court shall issue this day.

**SO ORDERED,** this the 11th day of January, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE